MORRIS LEVIN, RESPONDENT, v. THE MORRIS PLAN CORPORATION, APPELLANT.

Argued May 1, 1934—Decided August 16, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Charles Blume*.

For the respondent, *Louis K. Press*.

PER CURIAM.

Plaintiff below brought suit to recover from the defendant moneys paid on account of an illegal note signed by plaintiff and one Glickman.

The state of the case discloses that a loan of $300 was made by defendant to Glickman and that plaintiff with others signed the note as makers; that plaintiff paid $237.50 on account of principal and interest on the note; that the note is in substantially the same form as that involved in *Langer* v. *Morris Plan*, 10 *N. J. Mis. R.* 128; 158 *Atl. Rep.* 326. Added as exhibits are the note, the checks showing payments and the receipt book. The court held the loan was in violation of the Small Loan act, and gave judgment for the plaintiff.

Defendant, appealing, contends that the note was not similar to the note in the Langer case and not in violation of the law; that the act of 1914 (chapter 49) was repealed by the act of 1932 (chapter 62), which became effective April 12th, 1932, and that the several provisions of the earlier act ceased to exist, even as to the plaintiff whose action was begun two

months earlier; that plaintiff was not a borrower within the meaning of the act; that payments were voluntarily made, and that the act is unconstitutional.

None of these grounds we think work to a reversal. The note clearly offends the provisions of the Small Loan act of 1914 (chapter 5), as amended by chapter 293 of the laws of 1929 (*Langer* v. *Morris Plan, supra*), and the constitutionality of the act is no longer doubtful.

The act of 1932 was neither invoked in the answer or raised in the trial of the case. It has been many times declared by this court and in the Court of Errors and Appeals that counsel cannot raise questions on review when they have not been presented for the trial court's consideration. Any other course would be unfair to the opposing litigant and counsel, as well as to the court itself. It was incumbent on the defendant to at least urge the effect of the act of 1932 at the trial by some appropriate method; perhaps by motion for nonsuit or for a finding in favor of the defendant on that ground. While chapter 62 of the laws of 1916 permits the correction on appeal of errors in the entering of final judgment, without exception being taken thereto, it does not relieve the complaining party from the burden of raising the question sought to be reviewed before the trial judge.

The judgment is affirmed.